OPINION
Defendant-appellant Richard D. Ford appeals the October 29, 2001 Judgment Entry of the Ashland Municipal Court which found him guilty of operating a motor vehicle with a prohibited breath alcohol concentration, and of loud exhaust, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 15, 2001, Trooper Robert E. Gable of the Ohio State Highway Patrol stopped appellant for operating his motor vehicle with a loud exhaust. Upon further investigation, Trooper Gable charged appellant with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with an illegal breath alcohol concentration, in violation of R.C. 4511.19(A)(3). Appellant submitted to a breath test which demonstrated a result of .132 grams of alcohol per 210 liters of breath.
In a July 17, 2001 Entry, the trial court set the matter for a jury trial to commence August 22, 2001. On August 17, 2001, appellant filed a motion to hire an expert witness at the State's expense. The motion stated in its entirety:
 The defendant moves the court to approve the hiring of an expert witness, Dr. Alfred Staubus, to testify regarding the reliability of the BAC DataMaster.
 Memorandum.
 An indigent defendant is entitled to hire an expert witness at the State's [sic] cost. Ake v. Oklahoma
(1985), 105 S.Ct. 1087, 84 L.Ed.2d 53.
The record demonstrates appellee filed no response to the motion. However, in an August 20, 2001 Judgment Entry, the trial court found appellant was not entitled to an expert in this case pursuant to State v.Mason[1].
On September 13, 2001, the matter proceeded to a jury trial on the charge of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a concentration of .10 of a gram or more by weight of alcohol by 210 liters of breath, in violation of R.C. 4511.19(A)(3). The court also heard evidence on the charge of loud exhaust. The jury found appellant not guilty of the R.C. 4511.19(A)(1) charge but guilty of a violation of R.C. 4511.19(A)(3).
In an October 29, 2001 Judgment Entry, the trial court found appellant guilty on the charge of operating a motor vehicle with an illegal breath alcohol concentration, in accordance with the jury's verdict, and guilty on the charge of loud exhaust, in violation of R.C. 4513.22. The trial court sentenced appellant to serve fifteen days in the Ashland County Jail with twelve days suspended, placed appellant on probation for a period of one year, suspended appellant's operator's license, and ordered appellant to pay a fine.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE DEFENDANT-APPELLANT AN EXPERT WITNESS.
 I
In his sole assignment of error, appellant maintains the trial court erred in denying his motion for an expert witness. We disagree.
The decision whether or not to appoint an expert is within the discretion of the trial court.[2] Therefore, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[3]
Due process by the State, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution requires an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of sound discretion, the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and; (2) that denial of the requested expert assistance would result in an unfair trial.[4] "Traditionally when dealing with criminal proceedings, there has been no authority for mandating the appointment of an expert witness for an indigent defendant in a non-capital case."[5]
An indigent defendant who seeks state funded assistance bears the burden of establishing a reasonable necessity for such assistance.[6]
At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision.[7]
Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate.[8]
We agree with the trial court. Appellant made no particularize showing the requested expert would aid in his defense and that denial of the request would result in an unfair trial. Accordingly, we find the trial court did not abuse its discretion in overruling appellant's motion for the appointment of an expert witness.
Appellant's sole assignment of error is overruled.
The October 29, 2001 Judgment Entry of the Ashland Municipal Court is affirmed.
By: HOFFMAN, P.J., WISE, J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.
[1] State v. Mason (1998), 82 Ohio St.3d 144.
[2] State v. Covill (Oct. 22, 2001), Stark App. 2001CA00074, unreported.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] State v. Mason, supra at 150, syllabus.
[5] State v. Blankenship (1995), 102 Ohio St.3d 534, 551. State v.Wright (Sept. 27, 2001), Columbiana App. No. No. 97 CO 35, unreported.
[6] State v. Gumm (1995), 73 Ohio St.3d 413, 427.
[7] State v. Scott (1987), 41 Ohio App.3d 313, 315.
[8] Id.